UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MICHAEL LANGLEY,

    Plaintiff,

Case No. 1:07-cv-1120

v.

Hon. Wendell A. Miles

MARY BERGHUIS, et al.

    Defendants.

                               /

OPINION AND ORDER

By opinion and order entered on December 21, 2007, this court dismissed the captioned case for failure to state a claim upon which relief can be granted. On May 19, 2008, Plaintiff filed his "Opinion on the Court's Opinion and Order" (docket #5), and "Objections on Opinions and Judgment (docket #6).

In his pro se complaint, Plaintiff alleged that the attorneys associated with his state criminal case and the judge who presided over his trial were not licensed to practice law in Michigan because they were not licensed in accordance with the British Accredited Registry (BAR) System established in Boston in 1791, but rather were foreign agents who have not properly registered under 22 U.S.C. § 611. Therefore, he contends, his conviction through un-licensed, non-BAR attorneys and judges, was void. The court found that Plaintiff's challenge to the validity of his conviction must be brought as a habeas corpus petition and not as a civil rights complaint, see Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), and that any request for injunctive or monetary relief was barred. See Id. at 487.

Plaintiff's present filings are essentially identical. The court construes his Opinion on the

Court's Opinion and Order as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). A Rule 60(b) motion may be granted for: (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, (3) fraud, mis-representation, or the like, (4) the judgment is void, (5) the judgment has been satisfied, released, or discharged, or (6) any other reason justifying relief from the operation of the judgment. When none of these first five reasons enumerated in Rule 60(b) apply, relief may only be available when exceptional or extraordinary circumstances are present. Cincinnati Ins. Co. v. Byers, 151 F.3d 574, 578 (6th Cir. 1998).

Plaintiff concedes that his complaint fails to state a claim that would entitle him to relief under 42 U.S.C. § 1983. He filed this action pursuant to 22 U.S.C. § 611 et seq., and 4 U.S.C. §§ 101, 102, and asserted 28 U.S.C. § 1331 as the basis for this court's jurisdiction. He argues that he intended his filing to be an "instant action appeal" rather than a civil rights complaint and, therefore: (1) the case should have been dismissed without prejudice, (2) his filing fee should be returned, and (3) the dismissal should not count as a strike. There is no such thing as an "instant action appeal." The only recognized way for Plaintiff to attack the validity of his state conviction is by a petition for habeas corpus relief. Plaintiff failed to use the proper form for a habeas corpus petition and did not indicate anywhere in his filing that it was a habeas petition; at the time of filing he paid the civil filing fee of $350 rather than the $5.00 fee for filing a petition for habeas relief; and he named the warden of West Shoreline Correctional Facility, where he is presently housed, as well as four other individuals as defendants.[1] Accordingly, the filing was

---

[1] Rule 2(a) of the Rules Governing § 2254 Cases provides that the proper party to be named as a respondent is the state officer who has custody of the petitioner.

properly docketed as a civil rights complaint under 42 U.S.C. § 1983.

Regardless of the designation of the case, Plaintiff's allegations fail to state a claim under the Constitution or federal law upon which relief can be granted. Title 22, U.S.C. §§ 611-618, is the Federal Agents Registration Act. Section 618(a) of the Act creates criminal liability for violations of §§ 611-617, which require agents of foreign principals to register and report to the Attorney General. Section 618(c) subjects violators to removal under the Immigration and Nationality Act, 8 U.S.C. § 1221 et seq.. Section 618(f) permits the Attorney General to enjoin foreign agencies that do not comply with the registration requirements. The statute, however, does not create a private right of action for any citizen. See Alexander v. Sandoval, 532 U.S. 275, 286 (2001) ("Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress). Moreover, as a factual matter, Plaintiff fails to state a violation of the statute, as he alleges no facts suggesting that any Defendant is a foreign agent, and the State of Michigan is clearly not a foreign principal nor an agent of a foreign principal.

Similarly, Plaintiff does not allege a violation of 4 U.S.C. §§ 101 or 102, both of which require an oath of office to be administered to state officers. Plaintiff has not, and cannot, allege facts supporting his theory that Defendants are not properly sworn within the meaning of sections 101 and 102 because they are not properly licensed BAR attorneys.

In light of his failure to state claims under 22 U.S.C. § 611, or 4 U.S.C. §§ 101 and 102, he fails to state a claim under 42 U.S.C. § 1983 that his civil rights were violated, or under 28 U.S.C. § 2254 that he is in custody in violation of the Constitution or laws of the United States. Plaintiff simply fails to demonstrate that he is entitled, for any of the reasons set forth in Rule 60(b), to the relief he requests. Therefore,

IT IS ORDERED that Plaintiff's Objections on Opinion and Judgment (docket #6) are OVERRULED, and his Opinion on the Court's Opinion and Judgment, construed as a Motion for Relief from Judgment (docket #5), is DENIED.

So ordered this 18th day of July, 2008.

    /s/ Wendell A. Miles
Wendell A. Miles
Senior U.S. District Judge