UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MICHAEL LANGLEY,

      Plaintiff,

v.                                       Case No. 1:07-cv-1120

                                         Hon. Wendell A. Miles

MARY BERGHUIS, et al.

      Defendants.
_____/

OPINION AND ORDER

This matter is before the court on Plaintiff's Response on the Courts Opinion and Order, which was entered on July 18, 2008 (docket #7). Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 and paid the full filing fee of $350.00. The complaint was dismissed for failure to state a claim. The court found that Plaintiff's challenge to the validity of his conviction was not cognizable under the civil rights statute, see Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), and that any request for injunctive or monetary relief was barred. See id. at 487. Plaintiff filed a motion for reconsideration contending that because he had intended to file an "instant action appeal" rather than a civil rights complaint, his filing fee should be refunded. The court denied the motion. In his present response, Plaintiff reiterates his argument citing Headings v. Schmidt, No. 1:07-cv-933, (W.D. Mich. 2007).

The obligation to pay the full filing fee arises at the time a complaint is filed. McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997); In re Alea, 286 F.3d 378, 381 (6th Cir. 2002). "[T]he subsequent dismissal of the action, even if voluntary, does not negate that obligation." In

re Alea, 286 F.3d at 381 (citing McGore, 114 F.3d at 607). The Heading case cited by Plaintiff is distinguishable from the present case. Although pro se litigants are treated to less stringent pleading formalities, courts still require such litigants to meet basic pleading standards. Wells v. Brown, 891 F.2d 591, 594 (6th Cir.1989). "Arguably, hanging the legal hat on the correct peg is such a standard," and "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." Martin v. Overton, 391 F.3d 710, 714 (6th Cir. 2004). In Heading, the court noted that the plaintiff had submitted a five dollar filing fee, which is the filing fee for a habeas corpus petition pursuant to 28 U.S.C. § 2254, and the pleading was incorrectly construed and docketed as a civil rights complaint. Here, Plaintiff paid the $350 filing fee for civil cases and he indicated that the action was filed pursuant to 22 U.S.C. § 611 and 4 U.S.C. §§ 101, 102. Moreover, he named four individuals as defendants although Rule 2(a) of the Rules Governing § 2254 Cases provides that the proper party to be named as a respondent is the state officer who has custody of a petitioner. Thus, Plaintiff's complaint was not incorrectly construed and docketed as a civil rights complaint.

Plaintiff also contends that the case should have been dismissed without prejudice. As the court previously explained, there is no such action as an "instant action appeal," and Plaintiff's allegations fail to state a claim under the Constitution or federal law which would entitled him to relief in either a § 1983 civil rights or § 2254 habeas case.

Accordingly,

Plaintiff's Response on the Courts Opinion and Order (docket #8) is DENIED.

So ordered this 9th day of December, 2008.

      /s/ Wendell A. Miles
     Wendell A. Miles
     Senior U.S. District Judge